————o————

STATE OF MISSOURI, to the use of HENRY GRASSMUCK, Respondent, *vs.* HARRY S. PLATT, *et al.*, Appellants.

1. *Constable—Indemnity bond—Claim and delivery of personal property.*—After the execution of an indemnity bond to a constable, for property seized by him on execution, the claimant of the property has no remedy against the constable.

2. *Practice, civil—Actions—Indemnity bond, suit on—Replevin against constable —Bar—Damages.*—A constable seized property by virtue of an execution in his possession, and took an indemnity bond. B. claiming this property brought an action of replevin against the constable, wherein he was defeated. He afterwards sued on the indemnity bond. *Held*, that, inasmuch as the question of ownership was not involved in the replevin suit, that suit was no bar to the suit on the indemnity bond; and inasmuch as the constable elected in the replevin suit to take the value of the property, that the plaintiff in the suit on the bond, was damaged at least to that amount.

3. *Practice, civil—Replevin—Judgment—Constable- Proceeds.*—When a constable recovers judgment in a replevin suit brought against him for property siezed by him on execution, and elects to take the value thereof, the value so obtained, takes the place of the property, and must be disposed of by him accordingly. He must pay off the original execution and costs, and hold the balance for the bondsmen against whom the judgment is rendered.

State, to use etc., v. Platt, et al.

*Appeal from St. Louis Circuit Court.*

*M. L. Gray and John M. Holmes*, for Appellants.

The replevin suit and the judgment therein being all the result of plaintiff's wrongful act, it was allowing him to take advantage of *his own wrong* to put the record in evidence against defendants.

The natural and legitimate damages that plaintiff sustained as a direct consequence of a levy, he could recover on showing what they were, and in the absence of proof of what they were he could only recover nominal damages for the levy.

The defendant in the replevin suit only claimed a special property in the horses, to wit: to satisfy his $80 execution, and the assessment of damages in that case in favor of the constable of $400, in full value of the horses, the plaintiff there and here being the owner, was manifest error, and defendants in this case cannot be made responsible for the erroneous assessment of the damages in the replevin case. (30 Mo., 149; 35 Mo., 271.)

No party can recover damages to which he has contributed, or which by proper and ordinary care on his part, he might have prevented. (Sedgw. on damages, 4th Edition, top p. 103, 158; 18 Mo., 362; 7 Greenlf., 51; 17 Pick., 284; Shearman and Redfield on negligence, § 25, *et seq.*)

*Davis, Thoroughman & Jones*, for Respondent, cited: Bell vs. Hoagland, 15 Mo., 360; Taylor vs. Larkin, 12 Mo., 103; Corl vs. Riggs, 12 Mo., 430; Clemens vs. Murphy, 40 Mo., 121; 17 Ill., 25; 19 Ill., 207.

ADAMS, Judge, delivered the opinion of the court.

Henry Grassmuck was the owner of three horses, which were levied on by a constable of St. Louis County, by virtue of an execution issued by a Justice of the Peace in favor of the defendants, Platt and Thornburg, against one Julian. After the levy, Grassmuck, under the Act of the Legislature entitled, "An act concerning the duties of Sheriff, Marshall, and Constable, in the county of St. Louis, in relation to the levy

and sale of property under execution and attachment, as may be claimed by third persons," approved March 3, 1853., (See Session Acts 1855, p. 464), claimed the horses as his property, and the bond now sued on was executed and delivered to the constable by the defendants to indemnify the claimant for all damages he might suffer in consequence of such levy, and in consequence of any sale that might be made under the execution.

After the execution of this bond, the claimant, Grassmuck, brought an action in the nature of a replevin against the constable, and had the property delivered to him in that action.

The constable set up the bond in suit as a bar to the action, and recovered judgment against the claimant for the value of the property—$400. The claimant then brought this suit in the name of the State to his use on the indemnity bond, and recovered judgment which was affirmed at General Term.

The defendants set up as a bar, the judgment in the replevin suit, and also contend, that, if the plaintiff is entitled to recover, he can only recover nominal damages.

1. The claimant, when he sued the constable in replevin, mistook his remedy. After the execution of the indemnity bond he had no remedy against the constable, and the bond operated as a bar to that suit without regard to the real ownership of the property. (See Sections 1, 2, 3, 4 and 5 of the act above referred to, Session Acts 1855, p. 464–5.)

2. As the question of ownership was not involved in the replevin suit, the judgment in that suit is no bar to this action. The only question raised in the replevin suit was, whether there had been a bond of indemnity, and the production of the bond determined the case in favor of the constable.

3. The constable in the replevin suit had judgment for the value of the horses, and elected to take this value, $400, instead of the horses themselves. The plaintiff therefore was damaged in consequence of the levy of the execution on his property, at least to the amount of the $400, and this was the amount of the verdict in this case. After the levy of the ex-

ecution, the constable became the lawful custodian of the horses under the levy and the bond of indemnity.

The value of the horses recovered by the constable took the place of the horses, and must be disposed of in the same way. Out of this value the constable must pay off the execution and costs, and hold the balance for the bondsmen against whom the judgment is rendered.

Whether the defendant in the execution, whose debt has thus been paid, can be compelled to refund the amount, and to whom, are questions not involved in this record, and need not be passed on.

Judgment affirmed. Judge Sherwood absent. The other Judges concur.